IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Wanda Brown for/on Behalf of ) | |
| Allie Brown, ) | |
| ) | |
| Plaintiff, ) | CA No. 4:05-1891-HMH-TER |
| ) | |
| vs. ) | **OPINION & ORDER** |
| ) | |
| Jo Anne B. Barnhart, Commissioner of ) | |
| Social Security, ) | |
| ) | |
| Defendant. ) | |

This matter is before the court with the Report and Recommendation of United States Magistrate Judge Thomas E. Rogers, III, made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 of the District of South Carolina.[1]  Allie Brown ("A.B.") seeks judicial review of the Commissioner of Social Security's ("Commissioner") denial of her application for supplemental security income ("SSI") under Title II of the Social Security Act. In his Report and Recommendation, Magistrate Judge Rogers recommends affirming the Commissioner's decision.  A.B. objects to the Report and Recommendation.  For the reasons stated below, the court adopts the Magistrate Judge's Report and Recommendation and affirms the Commissioner's decision.

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court.  See Mathews v. Weber, 423 U.S. 261 (1976).  The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made.  The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions.  See 28 U.S.C. § 636(b)(1).

1

## I. Factual and Procedural Background

The facts are fully set forth in the decision of the administrative law judge ("ALJ"), (R. at 11-15), and summarized as follows. A.B. alleges that she has been disabled since August 15, 2001, due to lupus erythematosus, a chronic, progressive, usually ulcerating skin disease. (Id. at 48.) A.B. was diagnosed with lupus erythematosus on August 15, 2001, when she was five years old. At the time of the ALJ's decision on July 23, 2004, A.B. was eight years old. (Id. at 15.)

On March 29, 2002, A.B., through her mother, filed an application for SSI. (Id. at 48-50.) The application was denied initially and on reconsideration. (Id. at 32-45.) On July 23, 2004, after a hearing on August 12, 2003, the ALJ found that A.B. was not disabled because A.B. does not have "an impairment, or combination of impairments, which meets, medically equals any [impairment] listing or functionally equals any [impairment] listing" pursuant to 20 C.F.R. Pt. 404, Subpt. P, App. 1. (R. at 15.) On May 3, 2005, the decision of the ALJ became the final decision of the Commissioner. On July 1, 2005, A.B. filed the instant action. The Magistrate Judge recommends affirming the decision of the Commissioner.

## II. Discussion of the Law

### A. Standard of Review

Under 42 U.S.C. § 405(g), the court may only review whether the Commissioner's decision is supported by substantial evidence and whether the correct law was applied. See Myers v. Califano, 611 F.2d 980, 982 (4th Cir. 1980). In other words, the court "must uphold the factual findings of the [Commissioner only] if they are supported by substantial

2

evidence *and* were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996) (emphasis added).

"A factual finding by the ALJ is not binding if it was reached by means of an improper standard or misapplication of the law." Coffman v. Bowen, 829 F.2d 514, 517 (4th Cir. 1987). "Substantial evidence" is defined as "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990) (internal quotation omitted). Hence, if the Commissioner's finding is supported by substantial evidence, the court should uphold the Commissioner's finding even if the court disagrees with it. See id.

### B. Objections

A.B. filed two objections to the Magistrate Judge's Report. First, A.B. objects to the Magistrate Judge's conclusion that the ALJ's decision was supported by substantial evidence. (Objections 2-3.) Under 42 U.S.C. § 1382c(a)(3)(C)(i),

> [a]n individual under the age of 18 shall be considered disabled for the purposes of this subchapter if that individual has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

There is a set order for determining whether a child is disabled. First, the ALJ must determine whether the child is engaged in any "substantial gainful activity." 20 C.F.R. § 416.924(a). If so, the child is not disabled. Id. Second, if the child is not engaged in any substantial gainful activity, the ALJ must determine whether the child has a severe impairment or impairments. Id. If not, the child is not disabled. Id. Third, if the child has a severe impairment, the ALJ must determine whether the impairment "meets, medically equals, or

3

functionally equals the listings" in 20 C.F.R. Pt. 404, Subpt. P, App. 1. If so, and the impairment meets the duration requirement in § 1382c(a)(3)(C)(i), the child is disabled. If not, or if the impairment does not meet the duration requirement, the child is not disabled. Further, to establish that an impairment functionally equals the listings, the child must show that the impairment results in "'marked' limitations in two domains of functioning or an 'extreme' limitation in one domain." 20 C.F.R. § 416.926a(a). There are six domains of functioning: (1) acquiring and using information, (2) attending and completing tasks, (3) interacting and relating with others, (4) moving about and manipulating objects, (5) the ability to care for oneself, and (6) health and physical well-being. § 416.926a(b)(1).

A.B. concedes that she does not have any extreme limitations. (Objection 2.) However, A.B. submits that the ALJ's decision is not supported by substantial evidence because she has marked limitations in the domains of interacting and relating with others and health and physical well being. (Id.) The court disagrees.

A.B. submits that the hand-written statement memorializing a conversation with A.B. ("statement") establishes that she suffers from marked limitations in the domains of interacting and relating to others and health and physical well being. (R. at 145.) The statement indicates that A.B. has emotional problems because, as a result of the spots on her face, children have made hurtful remarks to her, she feels like a freak, and she does not like to leave the house. (Id.) Further, A.B. sometimes cries and refuses to play with her classmates. (Id.)

The ALJ found with respect to the category of interacting and relating with others as follows:

4

> The claimant's mother testified that the claimant was upset last year in school because of the comments the other children made to the claimant. She testified that the claimant has been affected socially and mentally, and testified that she cries. The claimant's teacher noted that on social functioning, the claimant was able to play alone, with another child, or in a group, and was able to develop age-appropriate friendships. It must be noted that there is not documented evidence that the claimant has been affected either socially or mentally. There has [sic] been no mental health visits, the claimant swims in her grandmothers pool with her cousin, she was taking dance instructions, and she makes straight A's in school. Based on the evidence of record, I find the claimant has no limitation in this domain.

(Id. at 14.) There is substantial evidence in the record to support the ALJ's finding.

Wanda Brown ("Mrs. Brown"), A.B.'s mother, completed a functional report on March 15, 2002, which stated that A.B.'s impairment did not did not affect her behavior with other people or "her ability to help . . . herself and cooperate with others in taking care of personal needs." (R. at 72-73.) In addition, A.B.'s teacher, Clarissa Hallman ("Hallman"), reported that A.B. had no cognitive, communicative, social, or personal functioning limitations. (Id. at 77.) Hallman indicated that A.B. possessed age-appropriate concentration, persistence, and pace. (Id.) In addition, Hallman's report stated that A.B. was able to participate in physical education and field trips.

A.B.'s treating physician, Dr. John C. Maize ("Dr. Maize"), noted that A.B. was engaged in "all the normal activities of a child her age." (Id. at 157.) Moreover, Dr. Kevin W. King ("Dr. King"), a state agency psychological consultant, found that A.B. did not have a "severe" mental impairment, which also supports the ALJ's conclusion. (Id. at 137.) Therefore, there is more than substantial evidence to support the ALJ's decision that A.B. does not suffer a marked limitation in the domain of interacting and relating with others.

In addition, there is substantial evidence to support the ALJ's conclusion that A.B. has no marked limitation in the domain of health and physical well being. The ALJ found the following:

> The claimant's mother testified that the claimant is not allowed out in the sun, has to stay inside at school, and testified that the claimant does not participate in sports. Dr. Maize indicated that the claimant had no side effects from the medication. He noted that the claimant would need to wear sunscreen (Bullfrog Fast Blast SPF-36 spray) on a daily basis and wear a broad rimmed hat when she was outdoors. Based on the overall evidence of record, I find the claimant has a less than marked limitation in this domain.

(R. at 14.) Based on a review of the record, the ALJ's decision that A.B. has a "less than marked limitation" in the health and physical well being domain is supported by substantial evidence. (Id. at 14.) As the ALJ notes, Dr. Maize, A.B.'s treating physician, found that A.B. suffered no side effects from the medication. (Id. at 157.) Dr. Maize found that A.B. would need to wear sunscreen. (Id.) Further, Mrs. Brown indicated in a functional report that A.B.'s only limitation was that she could not be out in the sun. (Id. at 84.) Based on the foregoing, the ALJ's finding that A.B. does not suffer a marked limitation in the domains of interacting and relating with others and health and physical well being is supported by substantial evidence. Therefore, A.B.'s objection that the Magistrate Judge erred in concluding that the ALJ's decision was supported by substantial evidence is without merit.

Second, A.B. submits that the court should remand this matter for a mental health evaluation of A.B. to determine "the severity of any mental/emotional impairment she may have." (Objection 3.) A.B. submits that Dr. King's report should be disregarded because he did not explain why A.B. has no severe mental impairment and because he probably did not consider the statement outlining A.B.'s emotional problems as it was prepared on the same

date as Dr. King's report. (Id.) Dr. King found that A.B. did not have a severe mental impairment because the records indicate that she was tolerating her medications well and there was no evidence of symptoms. (R. at 139.) Further, Dr. King noted that Mrs. Brown stated that A.B. cried when people commented about her face, and that the teacher noted "no problems in the classroom in any domain." (Id. at 141.) Moreover, in the medical evaluation referral to Dr. King, the related symptoms listed were that A.B. alleged emotional problems as a result of disfigurement. (Id. at 135.) Based on the foregoing, Dr. King provided an explanation for his finding and considered the effects of hurtful comments by people to A.B.

In addition, Hallman found that A.B. was not limited in her interactions with others in the classroom. (Id. at 77.) Based on the foregoing, the court finds that there is no new evidence or good cause shown which would warrant a remand in this case. See 42 U.S.C. § 405(g) ("The court . . . may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding."); Thompson v. Harris, 508 F. Supp. 134, 138 (D.C. Kan. 1981) (finding that claimant had failed to establish good cause for remand to consider new medical evidence where "the evidence [wa]s cumulative, would not change the decision of the Secretary, and that remand would amount only to a relitigation of the medical issues"). Based on the foregoing, the court adopts Magistrate Judge Rogers' Report and Recommendation and affirms the decision of the Commissioner.

Therefore, it is

**ORDERED** that the decision of the Commissioner is affirmed.

**IT IS SO ORDERED**.

                                                    s/Henry M. Herlong, Jr.
                                                    United States District Judge

Greenville, South Carolina
August 15, 2006